NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC WARREN BRIGHT; DARLENA BRIGHT, | No. 23-15652 |
| Plaintiffs-Appellants, | D.C. No. 2:22-cv-00839-JJT |
| v. | MEMORANDUM* |
| TREEHOUSE GROUP, LLC; BREIT-BRIGHTHAVEN MHC, LLC, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Submitted October 16, 2024**

Before:     SILVERMAN, R. NELSON, and MILLER, Circuit Judges.

Eric Warren Bright and Darlena Bright appeal pro se from the district

court's judgment dismissing their action alleging claims related to their eviction.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

lack of subject matter jurisdiction. *Lake v. Ohana Military Cmtys., LLC*, 14 F.4th 993, 1000 (9th Cir. 2021). We affirm.

The district court properly dismissed the Brights' action because the Brights failed to satisfy their burden of establishing subject matter jurisdiction. *See Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997) (the plaintiff has the burden of establishing subject matter jurisdiction); *see also* 28 U.S.C. § 1331 (setting forth basis for federal question jurisdiction); 15 U.S.C. § 1692a(6) (defining "debt collector" for purposes of the Fair Debt Collection Practices Act).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**